## LUCY J. WELLER v. THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY.

Submitted December 1, 1910—Decided March 21, 1911.

1. In an action brought against a railroad company to recover for injuries sustained by reason of a defect in a highway grade crossing over its tracks, an express allegation in the declaration that the accident occurred by reason of the defendant's failure to perform the duty imposed by section 26 of the General Railroad law (*Pamph. L.* 1903, *p.* 659), is unnecessary and will not sustain or aid the pleading. The declaration is sufficient in this respect if it sets out facts and circumstances from which such duty arises, and a failure to perform it.

2. A breach of the duty imposed upon a railroad company by section 26 of the General Railroad law (*Pamph. L.* 1903, *p.* 659) "to construct and keep in repair good and sufficient bridges and passages over, under and across the railroad or right of way where any public or other road, street or avenue now or hereafter laid shall cross the same, so that public travel on the said road shall not be impeded thereby." renders the company liable to one of the public injured thereby while lawfully using the highway.

3. An averment in a declaration that the defective condition of a highway grade crossing of the defendant's railroad tracks had existed for three years prior to the accident, raises a presumption of notice to the railroad company of the defect.

4. In an action against a railroad company to recover for injuries sustained by reason of the breach of the duty imposed by section 26 of the General Railroad law (*Pamph. L.* 1903, *p.* 659), it is not essential to aver in the declaration that the defendant had notice of the defect in the crossing.

———

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Weller & Lichtenstein.*

For the defendant, *George M. Shipman.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit is brought to recover damages from the defendant company for injuries sustained by the plaintiff to her person and property by reason of the negligence of the defendant in failing to keep a certain highway grade crossing over its tracks in proper repair.

The declaration avers that the tracks of the defendant company cross a certain public highway in the county of Warren; that it then and there became the duty of the defendant to use due care to keep sound, safe and indefective planks or other safeguards between and by the side of the rails composing the track, so that the dirt between and by the side of the track would wear evenly and remain level and even so that all persons might go, return, pass and repass over and along said public highway and cross the track, free from hurts, &c.; that the defendant, disregarding its duty, left this railroad track and crossing in an unsound, unsafe and defective condition, without any planking or other safeguards between and at the side of the rails of the track, and with a deep hole or depression between the rails of the railroad track, and maintained its tracks and appliances in such an unsafe, defective and dangerous condition for a long space of time, to wit, three years before the happening of the grievances and injuries thereinafter mentioned.   It then sets out the happening of the accident and alleges that it was due to the wheels of the wagon in which the plaintiff was driving being plunged or falling into a deep hole or depression between the rails of the track.

The defendant demurs, and the first ground of demurrer argued is that the declaration does not state a sufficient cause of action, because it fails to allege sufficient facts and circumstances to show that the action is brought under the "Act concerning railroads." *Pamph. L.* 1903, *p.* 645.   There is no merit in this contention.   The declaration alleges the dangerous condition of the crossing, and an accident to the plaintiff happening by reason thereof.   It is not necessary that the declaration shall expressly allege that the accident occurred by reason of the failure of the defendant to perform the duty which it owed to the plaintiff under section 26 of the "Act con-

cerning railroads." *Pamph. L.* 1903, *p.* 659. Such an allegation will not sustain or aid a pleading. *Cetofonte v. Camden Coke Co.,* 49 *Vroom* 662. It is sufficient in this respect if it sets out facts and circumstances from which such duty arises, and a failure to perform it, and this appears in the present declaration. The duty imposed upon the defendant by section 26 of the General Railroad law was "to construct and keep in repair good and sufficient bridges and passages over, under and across the railroad or right of way where any public or other road, street or avenue now or hereafter laid shall cross the same, so that public travel on the said road shall not be impeded thereby." For the breach of such duty the defendant is liable to one of the public injured thereby while lawfully using the highway. *Sonn v. Erie Railroad Co.,* 37 *Id.* 128; *affirmed,* 38 *Id.* 350; *Piver v. Pennsylvania Railroad Co.,* 47 *Id.* 713.

It is further contended that the declaration is insufficient because it does not contain an allegation that the railroad company had notice of the fact that the crossing was defective or out of repair. We think the declaration sufficient in this respect for two reasons—*first,* because it avers that the condition existed for three years prior to the accident. That averment raises a presumption of notice to the defendant; *secondly,* such averment is not essential. As was said in *Sonn v. Erie Railroad Co.,* 37 *Vroom* 428, 431, "as against a railroad company charged by law with the duty to the public imposed on the defendant it was sufficient, *prima facie,* to prove the defect. Exculpation was for the defendant." Of course, it is not necessary to aver in the declaration anything which the plaintiff is not required to prove in order to make out a case.

The plaintiff is entitled to judgment on the demurrer.